FILED
2007 Sep-05 AM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
MIDDLE DISTRICT OF GEORGIA
475 MULBERRY STREET
P.O. BOX 128
MACON, GEORGIA 31202-0128

GREGORY J. LEONARD
CLERK
PHONE: 478-752-0711
FAX: 478-752-3450
gregory_leonard@gamd.uscourts.gov

OFFICES
ALBANY 31701
ATHENS 30601
COLUMBUS 31902
MACON 31202
THOMASVILLE 31792
VALDOSTA 31601

2007 SEP -4 PM 2:23

August 31, 2007

Ms. Sharon Harris, Clerk
United States District Court
Hugo L. Black United States Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

MDL DOCKET No. 1854 In Re: Tyson Foods, Inc., Fair Labor Standards Act Litigation
USDC - Georgia Master Case No. **4:07-md-1854-CDL**

| Your Case Civil Action No. | Middle District of GA No. |
| --- | --- |
| 1:06-cv-2249-KOB | 4:07-cv-2000-CDL |
| 1:06-cv-4930-KOB | 4:07-cv-2001-CDL |
| 4:06-cv-4912-RDP | 4:07-cv-2002-CDL |
| 4:06-cv-4931-TMP | 4:07-cv-2003-CDL |

Dear Clerk:

Enclosed is a certified copy of the Order of the Judicial Panel on Multidistrict Litigation, transferring the above referenced cases to the U.S. District Court for the Middle District of Georgia for coordinated or consolidated pretrial proceedings pursuant to Title 28 U.S.C.§1407. These cases have been assigned to the Honorable Clay D. Land.

In accordance with the Rules concerning Multidistrict Litigation, please electronically transfer the cases using CM/ECF or send a disc containing all documents filed to **Clerk's Office, P. O. Box 124, Columbus, GA 31902, Attn: Elizabeth Long**.

Your prompt attention to this matter is greatly appreciated. If you should have any questions, please do not hesitate to contact the undersigned at 706-653-2943 or Tim Frost, Deputy-in-Charge of Columbus Division at 706-649-7816.

Sincerely,
/s/ Elizabeth Long
Elizabeth Long
Deputy Clerk, Columbus Division

Information Copy to: Jeffery N. Luthi, Clerk of the Panel
Tim Frost
Counsel of Record




UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: TYSON FOODS, INC., FAIR LABOR STANDARDS ACT LITIGATION** MDL No. 1854

**TRANSFER ORDER**

**Before the entire Panel***: Defendants Tyson Foods, Inc; Tyson Chicken, Inc.; and Tyson Farms, Inc. (collectively Tyson) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Alabama. Plaintiffs in the Middle District of Georgia *McCluster* action support centralization in Western District of Arkansas or, alternatively, the Northern District of Georgia. Plaintiffs in seventeen actions oppose centralization; in the alternative, these plaintiffs suggest the Western District of Arkansas as an appropriate transferee forum.

This litigation currently consists of eighteen actions listed on Schedule A and pending in ten districts as follows: four actions each in the Northern District of Alabama and the Southern District of Mississippi; three actions in the Middle District of Georgia; and one action each in the Western District of Arkansas, the Southern District of Indiana, the Western District of Kentucky, the District of Maryland, the Western District of Missouri, the Eastern District of Oklahoma, and the Eastern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that these eighteen actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising out of similar allegations that certain Tyson employees are entitled to compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel and the judiciary.

* Judge Scirica took no part in the disposition of this matter.

[1] In addition to the eighteen actions now before the Panel, the parties have notified the Panel of two related actions pending in the Middle District of Georgia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Objecting plaintiffs assert that centralization under Section 1407 is unnecessary because the actions do not present significant overlapping issues of fact, since the actions will likely depend on facts unique to each Tyson plant at which plaintiffs worked. We respectfully disagree. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Regardless of any differences among the actions, they raise common factual questions regarding Tyson's employment practices and compliance with the FLSA. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are aware that some of the actions in MDL No. 1854 have more litigation history than the other actions, and it may well be that some actions in MDL No. 1854 may be ready for trial in advance of the remaining actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

The Middle District of Georgia is an appropriate transferee forum for this docket. Three actions and two potential tag-along actions are pending there. In addition, this district has general docket conditions permitting us to effect the Section 1407 assignment to a court with the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Georgia are transferred to the Middle District of Georgia and, with the consent of that court, assigned to the Honorable Clay D. Land for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen
Robert L. Miller, Jr.
David R. Hansen
J. Frederick Motz
Kathryn H. Vratil
Anthony J. Scirica*

**IN RE: TYSON FOODS, INC., FAIR LABOR STANDARDS ACT LITIGATION**

MDL No. 1854

**SCHEDULE A**

2007 SEP -4 PM 2:28
FILED

Northern District of Alabama

Sheila Ackles, et al. v. Tyson Foods, Inc., C.A. No. 1:06-2249
Carol Ann Buchanan, et al. v. Tyson Chicken, Inc., et al., C.A. No. 1:06-4930
Florence Dobbins, et al. v. Tyson Chicken, Inc., et al., C.A. No. 4:06-4912
Roosevelt Potter, et al. v. Tyson Chicken, Inc., et al., C.A. No. 4:06-4931

Western District of Arkansas

Levette Adams, et al. v. Tyson Foods, Inc., C.A. No. 4:07-4019

Middle District of Georgia

Deltha McCluster, et al. v. Tyson Foods, Inc., C.A. No. 4:06-143
Sharon Mitchell v. Tyson Foods, Inc., C.A. No. 5:07-35
Wanda L. Atkins, et al. v. Tyson Foods, Inc., C.A. No. 5:07-84

Southern District of Indiana

Ava Joyner v. Tyson Foods, Inc., C.A. No. 1:07-141

Western District of Kentucky

Janet Garrett v. Tyson Foods, Inc., C.A. No. 4:07-15

District of Maryland

Thomas Lee White v. Tyson Foods, Inc., C.A. No. 1:07-279

Southern District of Mississippi

Princess Brown v. Tyson Foods, Inc., C.A. No. 3:07-53
Addie Jones, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:07-80
Lillie Williams, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:07-87
J.D. Walton, et al. v. Tyson Foods, Inc., et al., C.A. No. 5:07-28

**MDL No. 1854 Schedule A (Continued)**

Western District of Missouri

Pamela Woodworth v. Tyson Foods, Inc., C.A. No. 3:07-5013

Eastern District of Oklahoma

Carol Balch, et al. v. Tyson Foods, Inc., C.A. No. 6:07-63

Eastern District of Texas

Winfred Earl v. Tyson Foods, Inc., C.A. No. 9:07-103